## Chisholm v. Treegoob

*Benjamin Pomerantz*, for plaintiff.
*Frank Bielitsky*, for defendants.

GRIFFITHS, J., March 10, 1967. This matter comes before the court on an appeal by defendants from our order dated February 6, 1967, dismissing their motions for judgment n.o.v. and, in the alternative, for a new trial.

The facts of the case may be summarized as follows:

Plaintiff (now deceased from causes not related to this action), on or about September 12, 1960, was walking in a southeasterly direction, on the southwest side of Lancaster Avenue, Philadelphia, Pa., when a large glass window of defendants' premises 4090 Lancaster Avenue, blew out and struck him, causing him to suffer the injuries of which he complained.

The gravamen of the complaint is that defendants, the occupiers of the said premises, maintained the building in a faulty manner so that a strong wind was able to cause the said window to blow out rather than remain intact.

The liability aspects of plaintiff's case were, for the most part, established by one Michael A. Gimbel, an expert witness.

Defendants challenged the qualifications of Gimbel as an expert, arguing that he was not competent to give opinion evidence as to the cause of the accident, viz., the collapsing of the window in question during a windstorm. As to his qualifications, Gimbel stated he held a B. S. in industrial engineering, and had approximately 22 years as a safety engineer. He further testified that the study of wind pressures and their effects were relevant aspects of his duties. He did, however, on cross-examination, admit that he was not a glazier nor did he install windows. The court then permitted him to testify as an expert. His testimony, in substance, was that by improper construction of doors, which abutted the window, they opened in and were not equipped with any safety catch; that the wind velocity of between 35 m.p.h. and 45 m.p.h.*

---

* Weather Bureau Document dated November 20, 1963, indicated that on the day in question wind gusts up to 45 m.p.h. occurred at the Philadelphia Airport. This document was received in evidence—Plaintiff's Exhibit #21.

would be sufficient to push open the abutting doors; that the doors being so opened would permit the wind to blow into the premises and exert pressure on all the inside walls and/or ceiling; that this built-up pressure would be sufficient and did, in his opinion, cause the glass in question to blow out and break. He further testified that if the abutting doors were of the revolving type or made to open out, either of these conditions would have been sufficient to prevent the excessive pressure from building up inside the premises and thus avert the accident.

Finally, it was noted that this witness did not examine the premises until some six years after the accident. However, defendants' witness, Seymour Davidson, admitted that the premises had not been altered in the interim except for the replacing of the broken window pane.

A further basis of negligence was defendants' failure to lock the door when the high winds developed.

In defendants' motions two principal arguments were advanced in support thereof: (1) That the trial judge wrongly permitted certain testimony concerning plaintiff's injuries, and, (2) that plaintiff's alleged expert witness was not qualified to offer opinion testimony nor was his testimony sufficiently persuasive to establish negligence on the part of defendants.

With respect to defendants' first argument, in considering the severity of plaintiff's injuries, coupled with the fact that the verdict was for but $5,000, we held these objections to be without merit.

Concerning defendants' objections to the qualifications of witness Gimbel, we held these also to be without merit. In Brookside Distilling Products Corp. v. Monarch Wine Company of Georgia, 367 Pa. 8, 14 (1951), our Supreme Court made the following observations concerning the qualifying of an expert witness:

"The trial judge considered the qualifications of the witness sufficient to permit the designation given him, and in so doing was within his discretionary power". (Cases cited.)

The admitted qualifications of this witness were such that the trial judge did not abuse his discretion in permitting him to testify.

Concerning the alleged inadequacy of the testimony of this witness it must be noted that defendants, in their brief, argued strongly that the northeast wind testified to would be in a direction opposite to that of the premises, 4090 Lancaster Avenue. Defendants failed to realize that wind directions are designated *from* the direction they come, rather than *toward* the direction they are going. A reading of this witness's testimony discloses that it was credible, and, together with the other testimony presented, sufficient to enable the jury to properly find for the plaintiff. It met the requirement enunciated in Malitovsky v. Harshaw Chemical Company, 360 Pa. 279, 284 (1948), where our Supreme Court stated:

"The question whether a person charged with negligence or negligent acts or omissions should have foreseen the injuries resulting from those acts or omissions is for the jury, if there is any credible evidence from which a reasonable conclusion can be drawn in support of the claim of neglect of duty". (cases cited.)

In light of the above, we dismissed defendants' motions.